# NO. 12-22-00098-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SEKIA DEIDRE DAVIS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Sekia Deidre Davis appeals her conviction for burglary of a habitation with the intent to commit a felony. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation by intentionally and knowingly entering a habitation without the effective consent of the owner and attempting to commit or committing the felony offense of aggravated assault with a deadly weapon, a first degree felony.[1] Appellant pleaded "guilty" to the charged offense. Appellant and her counsel signed various documents in connection with her guilty plea, including an agreed punishment recommendation and a stipulation of evidence in which Appellant stipulated, and judicially confessed, that each and every allegation contained in the indictment was true and correct and constituted the evidence in the case. At the hearing, Appellant pleaded "guilty" to the charged

---

[1] TEX. PENAL CODE ANN. § 30.02(a)(3), (d) (West 2019).

offense.[2] The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for four years.

Later, the State filed a motion to adjudicate, alleging that Appellant violated the terms of her community supervision by (1) possessing controlled substances, cocaine and Ecstasy; (2) using or consuming a controlled substance, cocaine and Ecstasy; (3) failing to work at a suitable job or business for the months of September, October, November, and December 2021; (4) failing to satisfactorily perform community service restitution at the rate of nine hours per month for the months of June and July 2020, and January, February, March, April, May, August, October, and November 2021; (5) failing to pay $60.00 per month supervision fee to the Smith County Community Supervision and Corrections Department in Smith County for the months of May, June, July, August, and December 2021; and (6) failing to attend and successfully complete the Lifeskills Program on or before September 23, 2020, in Smith County and/or Houston County, Texas.

At the hearing on the State's motion to adjudicate, Appellant pleaded "true" to all the allegations in the State's motion.[3] After the hearing, the trial court found all the allegations in the State's motion to be "true," granted the State's motion, revoked Appellant's community supervision, adjudged Appellant guilty of burglary of a habitation with intent to commit another felony, namely, aggravated assault with a deadly weapon,[4] and assessed her punishment at ten years of imprisonment.[5] This appeal followed.

---

[2] At the plea hearing, the trial court stated that Appellant's offense to which she pleaded "guilty" was a second degree felony offense even though the agreed punishment recommendation noted that the offense was a first degree felony offense.

[3] At the revocation hearing, the trial court, the State, and Appellant's attorney agreed that the offense to which Appellant pleaded "guilty" was a first degree felony offense. The trial court admonished Appellant regarding the range of punishment for a first degree felony offense.

[4] After finding Appellant "guilty," the trial court did not make an affirmative deadly weapon finding because the indictment did not include a deadly weapon paragraph.

[5] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.32 (West 2019).

Appellant's counsel filed a brief in compliance with ***Anders*** and ***Gainous***, stating that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[6] We have reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. *See **In re Schulman***, 22 S.W.3d at 408 n. 22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with

---

[6] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such brief has expired and no pro se brief has been filed.

the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 22 S.W.3d at 408 n. 22.

Opinion delivered November 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00098-CR**

**SEKIA DEIDRE DAVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1759-19)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*